# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2493 | **DATE** | 6/22/2004 |
| **CASE TITLE** | Stavrou vs. Mercy Hospital and Medical Center | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. Mercy's motion to dismiss is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 23 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 36 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| JD | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BALENCIAGA STAVROU, )
)
Plaintiff, )
) Case No. 01 C 2493
v. )
) Judge George M. Marovich
MERCY HOSPITAL AND MEDICAL CENTER, )
)
Defendant. )

DOCKETED
JUN 2 3 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Balenciaga Stavrou ("Stavrou") filed a one-count Complaint against Mercy Hospital and Medical Center ("Mercy") (originally misnamed as Mercy Home Health Care), on April 9, 2001. Stavrou alleges that Mercy discriminated against her on the basis of race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). 42 U.S.C. § 2000(e) et seq. In response, Mercy now moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). For the reasons set forth below, the Motion to Dismiss is granted.

## BACKGROUND

On March 30, 2000, Stavrou filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that her former employer, Mercy, discriminated against her. The EEOC investigated and issued a Dismissal and Notice of Rights document ("right to sue letter") on November 7, 2000. The EEOC sent a copy of the document to Stavrou through the United States Postal Service ("Postal Service") via certified mail. A copy of the envelope shows that re-delivery was to be attempted on November 9, 2000. Stavrou, however, never obtained this mailing, thus the Postal Service labeled the letter "unclaimed" and returned it to the EEOC some time before January 5, 2001. On that date, the EEOC resent the same letter to Stavrou

36

through the Postal Service via regular mail. Stavrou actually received this second delivery of the letter on January 8, 2001. She proceeded to file a complaint on April 9, 2001, which asserted one count of racial discrimination by Mercy in violation of Title VII. Mercy responded on September 19, 2003 by filing a motion to dismiss on the basis that Stavrou's Complaint was not filed within Title VII's ninety-day limitation period. Specifically, Mercy argues that the ninety-day filing period began in November when the letter was first delivered to Stavrou. Mercy further contends that the action should be dismissed because Stavrou's Complaint included a charge of a hostile work environment which was beyond the scope of the EEOC's investigation.

## DISCUSSION

I. Standard for a Motion to Dismiss

When considering a motion to dismiss, a court must view the complaint's allegations in the light most favorable to the plaintiff, and all well-pleaded facts in the complaint must be accepted as true. Wilson v Formigoni, 42 F.3d 1060, 1062 (7th Cir. 1994). Dismissal is proper only if it appears beyond a doubt that plaintiff can prove no set of facts in support of a claim which would entitle her to relief. Conley v Gibson, 355 U.S. 41, 45-46 (1957). When evaluating the motion to dismiss, the court may consider documents that are referred to in the complaint and are considered central to the claim. Albany Bank & Trust Co. v Exxon Mobil Corp., 310 F.3d 969, 971 (7th Cir. 2002).

II. Timeliness

In its Motion to Dismiss, Mercy contends that Stavrou failed to file her Complaint within ninety days of receiving her right-to-sue notice from the EEOC. Stavrou is entitled to bring a civil action within ninety days of receiving such notice, however, failure to raise her claim within that time period results in loss of her right to sue. 42 U.S.C. § 2000(e)-(f)(1). In this Circuit,

2

"the 90-day period begins to run when the claimant receives actual notice of her right to sue." Houston v Sidley & Austin, 185 F.3d 837, 839 (7th Cir. 1999). The actual notice rule, however, does not apply when the claimant fails to receive notice because of her own fault. St. Louis v Alverno College, 744 F.2d 1314, 1317 (7th Cir. 1984). In circumstances of fault, the ninety-day period begins to run when the letter is delivered to the intended recipient's most recent address. Bond v American Medical Association, 764 F. Supp. 122, 125 (N.D. Ill. 1991). As the plaintiff is the person in possession of the facts regarding why she did not receive the letter within the specified date, she has the burden of producing those facts. Houston, 185 F.3d at 840. In the absence of evidence proving dates of delivery, the "the law presumes timely delivery of a properly addressed piece of mail." McPartlin v Comm'r, of the Internal Revenue Serv., 653 F2d. 1185, 1191 (7th Cir. 1981). The Seventh Circuit further extended this rule to include the presumption that the Postal Service timely notifies people that certified mail is being held for their collection. Bobbitt v Freeman Companies, 268 F.3d 535, 538 (7th Cir. 2001).

By applying these rules to the current case, it is apparent that Stavrou was at fault for not collecting her right-to-sue letter and therefore the original delivery date in November is used to establish the beginning of the ninety-day filing period. In the instant case, the Postal Service attempted to deliver the letter on several occasions, however, Stavrou offers no explanation as to why she did not receive it at the time of original delivery in November. Without providing any discussion or support regarding fault, Stavrou simply asserts that the Postal Service failed to successfully serve her. Although Stavrou did include as evidence the original envelope used to deliver the letter, the notation on the envelope states that redelivery was to be made on November 9, 2001. This notation seems to indicate that the Postal Service made at least two attempts to deliver the letter. Stavrou offers no explanation as to why she was unable to receive

3

mail at that address in November. In the absence of a valid justification, it is reasonable to believe that no fortuitous events prevented Stavrou from collecting mail at that address. This conclusion is supported by the fact that Stavrou actually received the subsequent letter on January 8, 2001, at the same address.

Stavrou's continued silence on the issue of the notification that the Postal Service was holding certified mail for her collection further supports the conclusion that she was at fault. In the absence of any allegations to the contrary, this Court applies the established presumption that Stavrou was notified that the Postal Service was holding certified mail for her receipt. Bobbitt, 268 F.3d at 538. When a claimant is notified that certified mail is waiting, she will be at fault for not picking up the letter within the time before the Postal Service returns it to the sender. Id.; Bond, 764 F. Supp at 125. Stavrou did not collect the letter before it was returned to the EEOC and only received it when it was redelivered[1]. As such, Stavrou is at fault for not obtaining the letter and is unable to take advantage of the actual notice rule. Accordingly the ninety-day period began to run when original delivery was attempted some time between November 7, 2000 and November 9, 2000, thus Stavrou's April 9, 2001 occurred between 151 and 153 days after notice was delivered and thus beyond Title VII's ninety-day filing period.

---

[1] In certain circumstances, the court can excuse a plaintiff's failure to pick up certified mail when the plaintiff took reasonable steps to obtain the mail. Trinkle v Litho, 627 F. Supp. 764, 765 (N.D. Ill. 1986); Yehuda v Chicago Park District, 1999 U.S. Dist. LEXIS 2107 at *7 (N.D. Ill. February 22, 1999); King v Rolm Company, 1992 U.S. Dist. LEXIS 8055 at *14 (N.D. Ill. June 4, 1992). (holding that plaintiff was not at fault where she was unable to obtain her right to sue letter that was being held by the Postal Service due to a busy work schedule, but she remained in continuous contact with the EEOC and the Postal Service in attempting to find a convenient way to receive the letter.) In the current case, however, Stavrou has not demonstrated that she used reasonable efforts to receive the letter.

## CONCLUSION

For the reasons set forth above, Mercy's Motion to Dismiss is granted.

ENTER:

George M. Marovich
United States District Judge

DATED: June 23, 2004